# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| PERMULA CORPORATION, Appellant, | § § § | |
| v. | § | EP-18-CV-288-DB |
| HELSON PACHECO, Appellee. | § § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Appellee Helson Pacheco's ("Appellee") "Motion to Dismiss Appeal" ("Motion"), filed in the above-captioned case on January 25, 2019. Therein, Appellee asks the Court to dismiss Appellant Permula Corporation's ("Appellant") appeal because Appellant did not timely file its brief by December 31, 2018 in violation of Federal Rule of Bankruptcy Procedure 8018. On January 28, 2019, Appellant filed its "Response to Helson Pacheco's Motion to Dismiss" ("Response"). On February 8, 2019, Appellee filed his "Reply to Response to Motion to Dismiss Appeal" ("Reply"). After due consideration, the Court is of the opinion that the Motion should be granted.

## BACKGROUND

This case involves an appeal of the United States Bankruptcy Court for the Western District of Texas El Paso Division's ("bankruptcy court") "Order Dismissing Adversary Proceeding" entered on September 4, 2018. Orders Being Appealed, ECF No. 1, at Ex. 1, p. 3. Due to Appellant's "failure to comply with orders of the [bankruptcy court], [Appellant's] failure to timely prosecute this adversary proceeding, and [Appellant's] failure to retain a licensed attorney after warning, the [bankruptcy court] [found] that [the] adversary proceeding should be dismissed . . ." *Id.* at 4 (citing FED. R. CIV. P. 41(b)). In the "Order Denying Motion for New

Trial," the bankruptcy court further details the missed deadlines, despite granted continuances, that Appellant repeatedly made. *Id.* at 6–11. This was not overcome by Appellant attorney's argument that missing the deadlines was beyond his control due to issues with logging into the electronic filing system and delays with the mail, therefore Appellant was not entitled to a new trial in the bankruptcy court. *Id.* at 12–13.

On October 3, 2018 the clerk of this Court received the "Transmission of Appeal to District Court." *Id.* at Ex. 4. On October 19, 2018, the Court granted Appellant attorney's Motion to Appear Pro Hac Vice. Order Granting Appellant's Mot. to Appear Pro Hac Vice, ECF No. 4. On November 5, 2018, the Court granted as unopposed Appellant's "Motion for Leave to File Motion to Enlarge Time to File Designation of Record and Statement of Issues, Motion for Leave to File Paper Motions, while Motion Pro Hac Vice is Pending Before the Court"[1] ("Motion to Enlarge Time"), and "Motion to Enlarge Time to File Designation of Record and Statement of Issues." Order Granting Mot.s for Extension of Time, ECF No. 8.

On November 27, 2018 the complete "Bankruptcy Record on Appeal" was transmitted to this Court including both Appellant's Designation of the Record and Appellee's Designation of the Record. Bankruptcy Record – Appellant's Designation, ECF No. 10, at Ex. 1 and Bankruptcy Record – Appellee's Designation, ECF No. 11, at Ex. 1. On November 30, 2018, the clerk of this Court issued a "Notice of Docketing Record on Appeal" ("Notice"). Notice, ECF No. 12. Included in this Notice and entered on the face of the docketing sheet was

---

[1] In its Motion to Enlarge Time, Appellant claims that its inability to file its designation of record and statement of the issues in compliance with the 14-day deadline imposed by Federal Rule of Bankruptcy Procedure 8009 ("the Rule") was "not for reasons under its control." Mot. for Extension of Time, ECF No. 5, at 2. Specifically, Appellant states that the Court's failure to grant Appellant attorney's Motion to Appear Pro Hac Vice as of October 22, 2018, made it "difficult, if not impossible" to comply with the Rule, especially considering the "very short time allowed [to file]" by the Rule. *Id.* The Court notes that it entered an Order granting Appellant attorney's Motion to Appear Pro Hac Vice on October 19, 2018. Order Granting Appellant's Mot. to Appear Pro Hac Vice, ECF No. 4.

2

a deadline for Appellant to file its brief within 30 days after the docketing of the Notice by December 31, 2018. Notice, ECF No. 12, at 1; and Docketing Sheet, ECF No. 15, at Ex. B, p. 2 (detailing next to docket number 12: "Appellant Brief due by 12/31/2018"). On February 13, 2019, this Court denied Appellant's Motion for Leave to File Untimely Brief. Order Denying Leave, ECF No. 20.

## STANDARD

Federal Rule of Bankruptcy Procedure 8018(a)(1) explains that an appellant must "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically[,]" unless the district court or bankruptcy appellate panel issues an order in a particular case that excuses the filing of briefs or specifies different time limits. And "if an appellant fails to file a brief on time . . . an appellee may move to dismiss the appeal . . ." FED. R. BANKR. P. 8018(a)(4).

## ANALYSIS

Appellee argues in its Motion that Appellant did not timely file its brief within 30 days after the Notice had been transmitted nor did it file any motion for additional time to file its brief. Mot., ECF. No. 13, at 2. Thus, the appeal should be dismissed because the Federal Rules of Bankruptcy are not being followed. Id. Appellant responds that it has no record of the Notice in either its electronic mail or spam folder. Resp., ECF No. 14, at 1. Appellant also claims that no paper correspondence with the Notice was received. Id. Much like its arguments for a new trial in the bankruptcy court, Appellant claims that "unusual circumstances" justify denying Appellee's Motion in order to achieve "substantial justice." Id. at 2. Furthermore, Appellant claims that its attorney can file its brief expeditiously. Id.

In its Reply, Appellee counters that Appellant had notice of the deadline for its brief from at least three sources. Reply, ECF No. 15, at 1–3. First, the clerk of this Court

3

docketed the Record on Appeal on November 27, 2018 and the Notice was entered on November 30, 2018. *Id.* at 1. The Notice was sent to Appellant's attorney at his law office ("Law Office of Gerry Linan, P.O. Box 4810, Brownsville, TX 78523"), as evidenced by the clerk's uploaded statement of mailing. *Id.* at 2 (citing Ex. A). Second, Appellant's attorney's excuse that he had no notice of the deadline is not credible given his ability to file both the appeal in this Court and his Motion for Pro Hac Vice, which indicate his general ability to check this Court's electronic docket where the deadline was clearly displayed. *Id.* at 2. Finally, by reading Federal Rule of Bankruptcy Procedure 8018, Appellant's attorney could have learned of the deadline. *Id.* Therefore, the appeal should be dismissed. This Court agrees with Appellee.

## CONCLUSION

Under Federal Rule of Bankruptcy Procedure 8018, Appellant needed to "serve and file a brief within 30 days after the docketing" of the Notice on November 30, 2018. Neither this Court nor the bankruptcy appellate panel issued an order that excused the filing of Appellant's brief or specified a different time limit. Thus, because Appellant failed to file a brief by December 31, 2018, Appellee may move to dismiss the appeal. FED. R. BANKR. P. 8018(a)(4).

Accordingly, **IT IS HEREBY ORDERED** that Appellee Helson Pacheco's "Motion to Dismiss Appeal" is **GRANTED**.

**SIGNED** this 14TH day of **March 2019**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE